UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
IVAN MEDINA

                              Plaintiff,

                                                          **07 CV 3272 (RPP)(DFE)**

   -against-

                                                          **COMPLAINT**

THE CITY OF NEW YORK, a municipal corporation,
POLICE OFFICER MARC WHIRL, individually
and as a New York City Police Officer, POLICE
OFFICERS JOHN DOES individually and as
supervisory officers, the number and identity of
whom is presently unknown,                          **JURY TRIAL**
                                                                    **DEMANDED**
                               Defendants.
------------------------------------------------------------------------ x

       Plaintiff, Ivan Medina, by his attorney, Glenn A. Wolther, as and for his complaint alleges as follows:

## Jurisdiction & Venue

1.     Jurisdiction is based on 28 U.S.C. sections 1331 and 1343, and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367, to entertain claims arising under state law.

2.     Venue is properly lodged in this Judicial District pursuant to 28 U.S.C. §1391(b)(1), this being the District in which the events and omissions giving rise to the claims occurred.

3.     On or about July 21, 2006, a Notice of Claim was timely served upon defendant City of New York.

4. More than thirty days have passed since service of the Notice of Claim and adjustment or payment have been neglected.

**Parties**

5. Plaintiff, Ivan Medina, is a resident of New York City.

6. At all times material herein, the defendant City of New York ("NYC"), was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC.

7. Upon information and belief, defendant Marc Whirl, Shield. No. 09207, was at all relevant times herein employed by NYC as a Police Officer. He is sued both in his personal and official capacities.

8. Upon information and belief, defendant John Does, the exact number of whom is presently unknown, were at all relevant times herein, employed by NYC as Police Officers. They are sued both in their personal and official capacities and as supervisors. Their true identity is presently unknown.

9.  At all material times herein and in their actions described herein, all defendants were acting under color of law and pursuant to their authority as employees of NYC and the NYPD. They were acting within the scope of their employment.

10. Under the Charter of the NYC, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action

**Facts**

11. On April 23, 2006 Ivan Medina ("Medina" or "plaintiff") at or about 3:40 a.m. was, in the vicinity of Second Avenue and 89th Street, in New York County.

12. Mr. Medina was lawfully inside a parked car when defendant Whirl and John Doe One physically pulled Mr. Medina from the car.

13. Plaintiff was then taken by defendants Whirl and John Doe One and slammed into the outside of a nearby police car.

14. Next, while defendants Whirl and John Doe One held plaintiff's hands behind his back, John Doe Two, without justification struck, Mr. Median's head.

15. Defendants Whirl and John Doe One continued to hold plaintiff's hands behind his back while John Doe Three, twisted Mr. Medina's head and neck.

16. Plaintiff did not feel free to leave based upon the mannerisms, gestures, and actions of defendants. Plaintiff was unlawfully seized.

17. During the seizure the NYPD members present utilized unreasonable and excessive force. Mr. Medina took no action to justify the action of the NYPD members.

18. Upon information and belief Defendants actions were taken without authority, legal justification, reasonable suspicion, or probable cause.

19. Other NYPD members were present at the location at the time.

20. Plaintiff was transported to the 19th police precinct and continually confined by defendants.

21. Upon information and belief, defendants conspired to cover up their illegal actions.

22. Upon information and belief, defendants agreed to fabricate a false story, false charges, and false paperwork and court documents in an attempt to cover their

illegal actions and harm plaintiff.

23. Next, plaintiff was fraudulently and falsely charged and maliciously prosecuted under Docket number 2006NY027481 for New York Penal Law §205.30 (Resisting Arrest); §195.05 Obstruction of Governmental Administration; §110/120.00(1)Attempted Assault and §240.26(1) Harassment.

24. Plaintiff remained confined until after he was arraigned on the criminal charges in the New York City Criminal Court.

25. Further, plaintiff was required to re-appear in Criminal Court, on multiple dates.

26. On August 7, 2006, the criminal charges against plaintiff were dismissed on motion of the District Attorney by the Honorable A. Jeong and the criminal prosecution favorably terminated in plaintiff's favor.

27. Plaintiff was unjustly and unlawfully subjected to criminal process.

28. Upon information and belief, no NYPD officer present on April 23, 2006, intervened or stopped the other NYPD defendants from using unreasonable force or unreasonably seizing plaintiffs person but should have.

29. Upon information and belief, no NYPD officer present on April 23, 2006,, or

subsequently, intervened or stopped the other NYPD defendants from issuing fraudulent and false documents to support malicious and abusive criminal prosecution against plaintiff but should have.

30. Upon information and belief, no NYPD supervisory officer prevented or remedied the unlawful seizure or the unlawful issuing of the criminal complaint, NYPD summons, and supporting documents.

31. Upon information and belief, NYPD supervisory officers ratified the documents tacitly or explicitly.

### FIRST CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST ALL DEFENDANTS

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 as if repeated fully herein.

33. Defendants violated, conspired to violate, and aided and abetted in the violation of plaintiff's clearly established and well-settled federally protected rights.

34. The acts and conduct described above deprived the plaintiff of his rights:

   (a) to be free of unreasonable force by NYPD officers acting under color of law;

6

    (b)    to be free of unreasonable search and seizure of his person and effects;

    (c)    to be free from unlawful warrantless arrest;

    (d)    to be free from false imprisonment;

    (e)    to be free from malicious prosecution;

    (f)    to be free from abuse of process;

    (g)    not to be deprived of liberty or property without due process of law;

    (h)    not to have force used upon him in an arbitrary manner;

    (i)    not to have summary punishment imposed upon him by police officers acting under color of law;

    (j)    to equal protection under the law, and not to be deprived of any right or privilege of a citizen;

All in violation of the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983.

35. The acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

36. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, physical injuries, emotional injuries, mental and emotional distress, pain and suffering, humiliation, embarrassment, economic loss, legal fees, and other damages.

**SECOND CAUSE OF ACTION**
**SUPERVISORY CLAIMS**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 as if repeated fully herein.

7

38. Upon information and belief, the supervisory defendant John Does failed to supervise, monitor, train and discipline other NYPD defendants.

39. Upon information and belief, supervisory John Does have shirked their duty to ensure that officers under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

40. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

41. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, physical injuries, emotional injuries, mental and emotional distress, pain and suffering, humiliation, embarrassment, economic loss, legal fees, and other damages.

### THIRD CAUSE OF ACTION MONELL CLAIM – FOURTH and FOURTEENTH AMENDMENT

42. Plaintiff repeats and realleges, each and every allegation contained in paragraphs 1 through 41 as if repeated fully herein.

43. Upon information and belief, members of the NYPD have previously engaged improper tactics against individuals that involved, *inter alia*, the use of excessive

force within the City of New York.

44. Upon information and belief, NYC had actual notice of these prior constitutional violations by its employees.

45. All defendants acted under pretense and color of state law and in their official capacities and within the scope of their employment.

46. Said acts by said defendants were without authority in law, and were in abuse of their powers. Said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of his constitutional rights.

47. The acts and conduct complained of herein resulted in part from a de facto policy or custom of the defendant NYC, or NYC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein implemented by NYPD officers of the defendant, to stop, seize, beat, and charge individuals without legally sufficient justification.

48. As a result of the failure of its officials to properly recruit, train, discipline and supervise its police officers, including defendants, the defendant NYC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

49. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, physical & emotional injuries, mental and emotional distress, pain and suffering, humiliation, embarrassment, economic loss, legal fees, and other damages.

## FOURTH CAUSE OF ACTION
## NEW YORK STATE TORT CLAIMS
## AGAINST ALL DEFENDANTS

50. The allegations of paragraphs 1 through 47 inclusive are incorporated by reference herein.

51. The acts and conduct of the defendants constitute assault, battery, false imprisonment, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring, negligent training, supervision, and retention, under the laws of the State of New York.

52. The acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

53. Defendants acted within the scope of their employment at times material herein, and the municipal defendant is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within defendants' control.

54. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiff to suffer physical & emotional injuries, legal fees, emotional suffering, mental anguish, humiliation and embarrassment, deprivation of liberty, and other damages.

### FIFTH CAUSE OF ACTION
### NEW YORK STATE CONSTITUTIONAL CLAIMS
### AGAINST ALL DEFENDANTS

55. The allegations of paragraphs 1 through 54 inclusive are incorporated by reference herein.

56. Defendants violated, conspired to violate, and aided and abetted in violating plaintiff's rights under, *inter alia,* Article I sections 6, 8, 11 and 12 of the Constitution of the State of New York.

57. The acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

58. As a result of the acts and misconduct of the defendants complained of herein, plaintiff has suffered deprivation of his liberty, emotional injuries, mental and emotional distress, pain and suffering, humiliation,

embarrassment, economic loss, legal fees, and other damages.

59.     Pursuant to Fed. R. Civ P. 38 plaintiff demands a trial by jury, on all issues so triable, in this action.

**WHEREFORE**, plaintiff Ivan Medina demands judgment and prays for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory and punitive damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

And the following relief against the municipal defendant:

(a) full and fair compensatory damages in an amount to be determined by a Jury;

(b) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(c) such other and further relief as appears just and proper.

Dated: New York, New York
       April 23, 2007

BY: /s/ Glenn A. Wolther
Glenn A. Wolther [GW-5740]

Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
Fax: (212) 964-0763

Attorney for plaintiff
Ivan Medina