```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 5/16/07     │
└─────────────────────────┘
```

RECEIVED
MAY 16 2007
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Jennifer L. Rubin
Assistant Corporation Counsel
jerubin@law.nyc.gov
(212) 788-1029
(212) 788-9776 (fax)

May 14, 2007

**BY HAND DELIVERY**
Honorable Robert P. Patterson
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:  Ivan Medina v. City of New York, et al.
     07 CV 3272 (RPP) (DFE)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney in the Office of the Corporation Counsel. I write to respectfully request an enlargement of time from May 14, 2007 to July 13, 2007 for the City of New York to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel, Glenn A. Wolther, Esq., has agreed to the enlargement of time.

    In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was falsely arrested by members of the New York City Police Department on or about April 23, 2006. Plaintiff also alleges that he was maliciously prosecuted insofar as all charges against him terminated in his favor. Accordingly, it is necessary for defendant City of New York to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. § 160.50 release so that we can access the sealed records from his underlying criminal prosecution.

    Further, according to the docket sheet, Officer Marc Whirl was served with process. This office has not discussed with this officer the manner of service, and we make no representation herein as to the adequacy of process on him. Although this office does not currently represent Officer Whirl in this action, and assuming that he was properly served, this office respectfully requests this extension on his behalf, in order that his defenses are not jeopardized. The extension should allow time for these officers to request representation and for this office to

*Application granted*
*So ordered*
5/16/07 [signature] Robert P. Patterson USDJ

determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of this case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2nd Cir. 1985) (quoting Williams v. City of New York et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City respectfully requests that its time to respond to the complaint be extended to July 13, 2007. Furthermore, without appearing on his behalf or making any representations as to the adequacy of service or otherwise, I also respectfully request a similar enlargement of time to answer or otherwise respond to plaintiff's complaint on behalf of Officer Whirl.

Thank you for your consideration of these requests.

Respectfully submitted,

Jennifer L. Rubin (JR 7938)
Assistant Corporation Counsel

cc:   Glenn A. Wolther, Esq. (By Fax)
      (212) 964-0763