UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

IVAN MEDINA,

                                 Plaintiff,       **ANSWER TO COMPLAINT**

                 -against-

THE CITY OF NEW YORK, a municipal corporation,    **07 CV 3272 (RRP)(DFE)**
POLICE OFFICER MARC WHIRL, individually and as a
New York City Police Officer, POLICE OFFICERS JOHN    **Jury Trial Demanded**
DOES individually and as supervisory officers, the number
and identity of whom is presently unknown,

                              Defendants.

----------------------------------------------------------------------- x

          Defendants City of New York and Police Officer Marc Whirl, by their attorney,

Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the

complaint, respectfully allege, upon information and belief, as follows:

          1.  Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          2.  Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to base venue as stated therein.

          3.  Deny the allegations set forth in paragraph "3" of the complaint.

          4.   Deny the allegations set forth in paragraph "4" of the complaint.

          5.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "5" of the complaint.

          6.  Deny the allegations set forth in paragraph "6" of the complaint, except

admit that the City of New York is a municipal corporation.

7.   Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Marc Whirl is employed by NYC as a police officer.

8.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint as they pertain to unidentified defendants.

9.   Defendant states that the allegations set forth in paragraph "9" of the complaint sets forth legal conclusions to which no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is responsible for the conduct of municipal agencies such as NYPD.

11. Deny the allegations set forth in paragraph "14" of the complaint, except admit that on April 23, 2006 Ivan Medina was in the vicinity of Second Avenue and 89th Street in New York County.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14.  Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Admit, that at some point, NYPD members were present in the vicinity of Second Avenue and 89th Street in New York County.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was taken to a police precinct.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "31" inclusive of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint and all its subparts.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "36" inclusive of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "41" inclusive of this answer, as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48"of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "49" inclusive of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "54" inclusive of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

60. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

62. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

64. Plaintiff has failed to comply with New York General Municipal Law §50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

65. Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

66.     Punitive damages cannot be recovered against the City of New York.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

67.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

68.     There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

65.     Defendant Marc Whirl has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendant City of New York and Officer Whirl request

judgment dismissing the complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                July 19, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendant City of New York and PO
                                    Marc Whirl
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-1029


                            By:     /s/
                                    JENNIFER L. RUBIN (JR 7938)
                                    Assistant Corporation Counsel


To:     Glenn Wolther, Esq. (by ECF)
        305 Broadway, Suite 1102
        New York, New York 10007